MOORE v. BARRY.

A statute authorized the county commissioners, on petition of one-third of the adjacent landowners, to contract for the drainage of streams and to assess the expenses on the property benefited thereby. Under such

a petition, such a contract was made and the work done, when it was adjudged that no property had been benefited. *Held*, that there was no provision made by the statute for such a case, and the parties who did the work could not recover anything against the county commissioners who ordered it done, or their successors in office, or the non-petitioning land owners, but the petitioning land owners were liable as at common law, for the work ordered at their request by the county commissioners as their agents.

Before PRESSLEY, J., Spartanburg, July, 1887.

The case is stated in the opinion of this court.

*Messrs. Thomson, Nicholls & Moore,* for appellants.

*Messrs. Duncan & Sanders* and *Bomar & Simpson,* contra.

April 4, 1889. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. In December, 1880, S. M. Snoddy, W. H. Bush, L. L. Wingo, J. W. Bush, H. W. Ballinger, W. J. Bright, and Joseph L. Howell, defendants, petitioned the then board of county commissioners for Spartanburg County, to take the necessary steps to have the swamp lands on Jordan's Creek drained under section 1183 of the General Statutes, alleging in said petition that they constituted a majority of the land owners on said stream, and that the land sought to be drained was unfit for cultivation. The then county commissioners proceeded under the statute to have the other land owners on said stream served with a copy of the petition, and to employ an engineer to report upon the feasibility of the desired drainage, and to make specifications for the work.

After receiving the report of the engineer, the county commissioners contracted with the plaintiffs to do certain ditching and other work for the purpose of said drainage, and furnished them with specifications therefor. The plaintiffs undertook and completed the work according to the specifications, and it was so received by the county commissioners. Thereafter the county commissioners, in a special proceeding, to which all the defendants herein were parties, found that no one was benefited by said work, though through no default of the plaintiffs. But nevertheless

they "assessed" the original petitioners to pay the account rendered for said services, $416.62. From this decision the petitioners appealed to the Circuit Court, which decided that said assessment "was made without authority of law," and set it aside.

Thereupon the plaintiffs instituted this action, making parties defendants, (1) the original petitioners; (2) the other land owners on the creek who were notified; (3) and the county commissioners now in office, as well as their predecessors, who were commissioners when the work was done. Each of the three classes of defendants interposed an oral demurrer as to the liability of themselves—that the complaint did not state facts sufficient to constitute a cause of action. The court sustained all of the demurrers and dismissed the complaint. From this order the plaintiffs appeal and insist that it was error to dismiss the complaint; because the plaintiffs proved a valid and just claim; and that the defendants, or some of them, must certainly be liable therefor.

The law under which the proceedings were instituted to drain Jordan's Creek is as follows: "That the county commissioners be and they are hereby authorized, in addition to the duties now imposed on them by law, to act as commissioners of health and drainage, and they are hereby empowered as such commissioners of health and drainage to act as follows, to wit: that in cases where one-third of the landowners upon any water course, for a distance of not less than five miles up and down the stream in said county, shall desire to drain the lands upon such water course, the said county commissioners shall, upon petition, personal service, and the testimony of one or more competent engineers, be empowered to make contracts for such drainage, and impose the proper assessments upon the various properties benefited by the same, and the said assessment shall have the force of a legal judgment;" provided any party shall have the right of appeal, &c.

It is not denied that the commissioners made a contract with the plaintiffs to do certain specified work, in order to drain the bottoms of the creek, or that the work was done satisfactorily according to the specifications; but it is denied that any one is liable to pay for it. The commissioners by the act have authority to impose the proper assessments upon the various properties benefited by the same; but it seems to have been ascertained that the work

"benefited" nobody, and therefore Judge Pressley held that the power of "assessment" given by the act was never called into existence, as the work done did not "benefit any properties." The whole project seems to have been a failure as to the purposes intended. Assuming that those who put the proceedings in motion, the original petitioners, cannot be "assessed" under the terms of the act, we suppose, of course, that neither the non-concurring landholders, nor the county commissioners, nor the county itself, can be "assessed" under the act, for the expenses incurred.

But does it necessarily follow that the plaintiffs have no remedy against any one to recover for their labor done under a lawful contract? They took no risks in the results of the enterprise, but agreed to perform specified labor for a money consideration, and did perform it to the satisfaction of the contracting parties. It is the boast of the law, as Lord Chief Justice Holt expressed it in *Ashby* v. *White*, 2 Ld. Rayn., 953: "If a plaintiff have a right, he must of necessity have a means to vindicate and maintain it, and remedy if he is injured in the exercise and enjoyment of it. For, indeed, is it a vain thing to imagine a right without a remedy; for want of right and want of remedy are reciprocal."

It is true that there is another principle, that when a statute creates a new right, and at the same time prescribes a special proceeding for enforcing the right, that course must be followed by any one claiming that right. But is this a proceeding of that kind? The plaintiffs were in no way parties to the drainage proceedings, and are not asserting any right under a special proceeding. The drainage act does not undertake to make any change in the manner in which strangers to it may enforce their contracts for work and labor, but, as among the parties concerned, provides the means to compel unwilling landowners to pay their share of beneficial drainage. If the act purports to go no further than that, then, as to the expenses for unsuccessful drainage, there was certainly a perfect *"casus omissus"*—a case unprovided for by the statute, in which event the common law prevails. 1 *R. & L. Law Dict.*, 178. The principle was clearly stated by the Chief Justice in the case of *Ex parte Lewie, in re Geiger* v.

*Drafts* (17 S. C., 155), as follows: "The Court of Common Pleas is the general fountain of justice, and where the rights of a citizen, either derived from the common law or the statute, are invaded and the power to protect is conferred on no special jurisdiction, he may seek redress in that court." Wherever work is performed at the instance of A, unless a special remedy can be enforced, A is liable on an implied promise in every case to pay the same. See *Blount* v. *Guthrie*, 99 N. C., 93; *Howze* v. *Howze*, 2 S. C., 232; 2 *Bl. Com.*, 443.

We cannot say that the allegations of the complaint were not sufficient to sustain proof tending to show that the county commissioners, in making the contract with the plaintiffs, acted as the agents of those defendants, who, as the original petitioners in the matter of the drainage, put the proceedings in motion, and in that way procured the work to be done. We concur with the Circuit Judge in sustaining the demurrers interposed by the county commissioners and by the non-petitioning landowners. But we think it was error to sustain the demurrer and dismiss the complaint as to the original petitioners who put the proceedings in motion.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, *except* as to the defendants who were original petitioners; and as to them, that it be reversed and the cause remanded for a new trial.